# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                      **CRIMINAL ACTION NO.**

**VERSUS**                                                                      **14-106-JWD-EWD**

**GERARD LATHAN SMITH**                        <u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 24, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          CRIMINAL ACTION NO.

VERSUS          14-106-JWD-EWD

GERARD LATHAN SMITH

This matter comes before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion to Vacate"),[1] filed by Gerard Lathan Smith ("Smith"). The United States has filed an opposition memorandum.[2] There is no need for oral argument or for an evidentiary hearing. As Smith has failed to establish that his counsel's performance was deficient, or that the outcome of the proceedings would have been different absent any alleged deficiencies, it is recommended that the Motion to Vacate be denied, and that this matter be dismissed with prejudice.

## I. BACKGROUND

On August 27, 2014, Smith was indicted for one count of possession with the intent to distribute five hundred grams or more of a substance containing a detectable quantity of cocaine, a Schedule II substance, in violation of 21 U.S.C. § 841(a)(1).[3] Smith was found eligible for court-appointed counsel at the initial appearance.[4] Through counsel, Smith timely filed a Motion to Suppress on the grounds that the evidence supporting his arrest and indictment was collected pursuant to an illegal search during a traffic stop.[5] A hearing was held on Smith's Motion to Suppress on February 26, 2015.[6] Counsel for Smith, and for the government, filed post-hearing

---

[1] R. Doc. 63.
[2] R. Doc. 69.
[3] R. Doc. 1.
[4] R. Docs. 6 & 7.
[5] R. Doc. 15.
[6] R. Doc. 22.

memoranda.[7]  The Court issued a written ruling denying the Defendant's Motion to Suppress. After weighing the applicable factors, the Court found that Smith voluntarily consented to the search of his vehicle.[8]

Smith waived his right to a jury trial and entered into a joint stipulation of facts with the United States.[9]  On August 24, 2015 a bench trial was held and Smith was found guilty.[10]  He appealed to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"), arguing that this Court erred in denying the Motion to Suppress because the search of his vehicle was the result of implied coercion.[11]  On January 26, 2017, the Fifth Circuit affirmed Smith's conviction, holding that this Court's finding that Smith's consent to search his vehicle was voluntary based on a totality of the circumstances was "a reasonable view of the evidence."[12]  Smith did not seek further review at the United States Supreme Court.

On April 21, 2017, Smith timely filed this Motion to Vacate, in which he contends that he received ineffective assistance of counsel because his counsel failed in the following particulars: did not argue "prolonged detention" in connection with the Motion to Suppress; did not object to hearsay testimony elicited at the Motion to Suppress hearing; did not adequately brief the issue of implied coercion to the court of appeal; "never forced the government to prove a causal connection between the traffic stop and the illegal contraband;" and "never subjected the government's claim to rigorous adversarial testing."[13]

---

[7] R. Docs 26 & 27.
[8] R. Doc. 28.
[9] R. Doc. 54, p. 4; R. Doc. 37; R. Doc. 39.
[10] R. Doc. 36.
[11] *U.S. v. Smith*, 674 Fed. Appx. 423 (5th Cir. 2017).
[12] *Id.* and R. Doc. 60.  The case was remanded for correction of a clerical error in the Judgment.
[13] R. Doc. 63, p. 4.

## II.    SUBSTANTIVE REVIEW

### A.  Scope of Relief Available Pursuant to 28 U.S.C. § 2255

Although Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court to vacate, set aside or correct his sentence, only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four grounds on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[14]

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal.[15]  When a defendant has been convicted, and his appellate rights have been exhausted or waived, there is a presumption that his conviction is fair and final.[16]  As the motion, briefing and record of this case show that Smith is not entitled to relief, no evidentiary hearing is required.[17]

### B.  Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense.[18]  The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[19]  To show prejudice, the petitioner must show "that there is a reasonable

---

[14] 28 U.S.C. § 2255(a).
[15] *U.S. v. Frady*, 456 U.S. 152, 166 (1982).
[16] *U.S. v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998), *citing U.S. v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076 (1992).
[17] *See U.S. v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992), *citing U.S. v. Auten*, 632 F.2d 478 (5th Cir. 1980).
[18] *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984).
[19] *Strickland*, 466 U.S. at 687.

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[20]

A lawyer's performance is strongly presumed to fall within the wide range of reasonable professional assistance.[21] To overcome that presumption, a habeas petitioner must "show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment."[22] The standard for judging counsel's representation is a deferential one. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."[23]

## 1. *Alleged Failure to Subject the Government's Case to Rigorous Adversarial Testing*

Smith asserts his "counsel never subjected the Government's claim to rigorous adversarial testing,"[24] but neglects to further brief this issue. It appears that Smith is referring to language from *U.S. v. Cronic*,[25] which set forth circumstances in which prejudice is presumed in an ineffective assistance of counsel claim. One of those circumstances is when counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing."[26]

To the extent Smith is arguing that prejudice should be presumed in connection with his ineffective assistance of counsel claims, this assertion is without merit. In order for the

---

[20] *Strickland*, 466 U.S. at 694.
[21] *Premo v. Moore*, 562 U.S. 115, 121 (2011), *citing Strickland*, 466 U.S. at 689 ("A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance.").
[22] *Premo,* 562 U.S. at 121–22 (internal quotations omitted).
[23] *Premo,* 562 U.S. at 122.
[24] R. Doc. 63, p. 4.
[25] 466 U.S. 648 (1984).
[26] *Cronic,* 466 U.S. at 659, *citing Davis v. Alaska*, 415 U.S. 308 (1974). In *Davis*, 415 U.S. at 318, the Supreme Court found that it was not necessary to establish prejudice where defense counsel had been prevented from fully cross-examining a critical witness as to bias, a Sixth Amendment violation that "would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.")(citations omitted).

presumption to apply, the defendant has to demonstrate that counsel was not merely incompetent but inert, distinguishing shoddy representation from no representation at all.[27]  The Fifth Circuit has explained the "narrow spectrum" where an attorney's ineffectiveness is so egregious that it is as though the defendant had no counsel at all as follows:

> We have found constructive denial in cases involving the absence of counsel from the courtroom, conflicts of interest between defense counsel and the defendant, and official interference with the defense; and have stated that constructive denial will be found when counsel fails to subject the prosecution's case to any meaningful adversarial testing. See id. For example, where counsel's sole duty was to execute a waiver of petitioner's right to jury trial, and therefore counsel was appointed one to two minutes before the plea, never investigated the facts, never discussed the applicable law with petitioner, and never advised petitioner of the rights petitioner was surrendering, petitioner was constructively denied counsel. *See Childress*, 103 F.3d at 1223-24, 1228 (Petitioner "does not argue that he had a bad lawyer in the ... proceedings, but that he had none at all, except for the purpose of waiving a jury trial.").[28]

Smith fails to identify any specific ways in which his counsel failed to subject the prosecution's case to meaning adversarial testing and a review of the record shows that Smith's counsel challenged the prosecution's case.  Because the search of Smith's vehicle resulted in the discovery of a significant quantity of cocaine, his best (and possibly only) defense was to argue for exclusion of the evidence through a motion to suppress. His attorney timely filed a Motion to Suppress,[29] thoroughly questioned the arresting officer at the evidentiary hearing,[30] submitted a post-hearing brief,[31] preserved the issue for appeal,[32] and argued for reversal of the ruling on appeal.[33]  Because Smith's counsel did not entirely fail to subject the prosecution's case to

---

[27] *Gochicoa v. Johnson*, 238 F.3d 278, 284–85 (5th Cir. 2000).
[28] *Gochicoa*, 238 F.3d at 284.
[29] R. Doc. 15.
[30] R. Doc. 23, pp. 44-72.  Almost one-third of the suppression hearing transcript is devoted to Smith's counsel's cross-examination of Sergeant Green regarding the traffic stop.
[31] R. Doc. 26.
[32] R. Doc. 54, p. 4.
[33] *U.S. v. Smith*, 674 Fed. Appx. 423 (5th Cir. 2017).

meaningful adversarial testing, Smith is required to show prejudice in connection with his ineffective assistance of counsel claims. Smith does not argue prejudice, other than to blankety state that "Counsel's unreasonable advice did prejudice Petitioner."[34] Regardless, Smith also does not establish that counsel's performance was deficient as to any of the claims.

### 2. *Counsel's Performance in Connection with Motion to Suppress*

At the hearing on the Motion to Suppress, the arresting officer, Sergeant Christopher Green, testified regarding the traffic stop with Smith on June 26, 2014. According to Sergeant Green, Smith provided consent to search his vehicle, and Green located cocaine inside a hidden compartment in Smith's truck.[35] On direct examination, Sergeant Green testified that he stopped Smith's vehicle because Smith was following the vehicle in front of him too closely and because the window tint was too dark.[36] However, on cross-examination, Sergeant Green admitted for the first time that he was actually looking for Smith's vehicle because DEA Task Force Agent Paul Marionneaux had alerted Green that Smith's vehicle may be concealing contraband.[37] A video recording of the traffic stop from Sergeant Green's police cruiser was entered into evidence at the hearing. After the hearing, Smith's counsel submitted a brief to the Court arguing that the consent to search was not voluntarily but was the result of duress and coercion.[38]

Although Smith argues that his counsel failed to raise the issue of "prolonged detention" in connection with the Motion to Suppress,[39] that is not accurate. In Smith's post-hearing brief, counsel articulated the six factors the Fifth Circuit uses to determine the voluntariness of consent.[40] In connection with the first factor, "the voluntariness of the defendant's custodial status," Smith's

---

[34] R. Doc. 63-1, p. 11.
[35] R. Doc. 23.
[36] R. Doc. 23, p. 7.
[37] R. Doc. 23, p. 50.
[38] R. Doc. 26.
[39] R. Doc. 63-1, p. 6.
[40] R. Doc. 26, p. 2.

counsel argued that Smith's prolonged detention was tantamount to a custodial arrest.[41]  While the Motion to Suppress was ultimately denied, this Court and the government agreed that the first factor favored Smith.[42]  Counsel did not fail to raise this issue as Smith suggests.[43]

Smith also argues that his counsel was deficient in failing to "challenge the hearsay testimony of Sergeant Green when he testified to what agent Paul Marionneaux told him about a vehicle believed to be associated with the transport of contraband passing through his area of patrol."[44]  Smith fails to identify how counsel's performance in this respect was deficient.  Hearsay is admissible at a hearing on a motion to suppress.[45]  Furthermore, by eliciting this testimony from Sergeant Green, Smith's counsel was able to argue in his post-hearing brief that Sergeant Green gave misleading testimony during the hearing.[46]  While the Motion to Suppress was ultimately unsuccessful, Smith has not shown that his counsel's performance was deficient in connection with the Motion to Suppress.

### 3.  *Waiver of Jury Trial/ Joint Stipulation*

Next, Smith contends that his counsel's performance was deficient because counsel advised Smith to waive his right to a jury and enter a stipulation of facts.[47]  According to Smith, "the most effective strategy was to go to a jury trial and present the facts of a prolonged detention, along with impeaching Sergeant's Green's testimony of the alleged information provided by agent Marionneaux."[48]  Smith fails to show that counsel's performance was deficient on this basis.

---

[41] R. Doc. 26, p. 5.
[42] R. Doc. 28, p. 4 ("The first factor, as the government admits, favors Smith; he was not free to leave the traffic stop, rendering his custodial status involuntary.")
[43] This Court rejected Smith's arguments that the search was unconstitutional because the reason for Sergeant Green's stop may have been pretextual and found that Sergeant Green did not "measurably extend" the stop, such that the nature of the stop was not sufficient grounds to suppress the evidence.  R. Doc. 28, pp. 2-3.
[44] R. Doc. 63-1, p. 7.
[45] Fed. R. Evid. 104(a) and 1101(d)(1); *U.S. v. Matlock*, 415 U.S. 164, 173-74 (1974).
[46] R. Doc. 26, p. 4.
[47] R. Doc. 63-1, p. 10.
[48] R. Doc. 63-1, p. 11.

First, Smith is incorrect in his assessment that he would have been able to present the suppression issue to a jury.  It is for the court, not the jury, to the decide whether evidence was lawfully seized and its admissibility at trial.[49]  Further, Smith's counsel explained on the record that the decision to forego a jury trial and enter a stipulation was to preserve Smith's right to appeal the ruling on the Motion to Suppress because the government was apparently seeking waiver of Smith's appeal rights in connection with a plea.[50]  Once this Court denied the Motion to Suppress, the only feasible avenue for relief was an appeal.  The decision to proceed on stipulated facts and a bench trial, rather than a trial by jury, permitted Smith's counsel to make a stronger case for a reduction in Smith's sentence based on acceptance of responsibility.  This argument was successful, as Smith received a three-level reduction for acceptance of responsibility.[51]  Smith's encounter with Sergeant Green was captured on video.  Smith consented to the search after being advised by Sergeant Green that he had the right to refuse consent, and Sergeant Green found cocaine in Smith's vehicle pursuant to the search.  Once the Motion to Suppress was denied, there was significant evidence to support a conviction against Smith and he would have lost the three-level reduction for acceptance of responsibility. Smith has failed to demonstrate that his counsel's performance was deficient or that Smith was prejudiced in any way by counsel's advice to waive jury trial and enter the stipulation of facts. This claim lacks merit.[52]

---

[49] *U.S. v. Lang*, 8 F.3d 268, 270 (5th Cir. 1993); *U.S. v. James*, 590 F.2d 575, 579 (5th Cir. 1979) ("[T]he judge alone decides preliminary questions which relate to the competence of evidence….").

[50] R. Doc. 54, p. 4.

[51] R. Doc. 44, ¶¶ 20-21 and R. Doc. 50, p. 1, adopting presentence investigation report without change.

[52] The government argues that this claim is procedurally defaulted because it was not raised on appeal. R. Doc. 69, p. 12. However, Smith's Motion to Vacate is based solely on ineffective assistance of counsel. A claim of ineffective assistance of counsel generally cannot be addressed on direct appeal unless the claim has been presented to the district court. *See United States v. Brewster*, 137 F.3d 853, 859 (5th Cir. 1998) (declining to reach merits of ineffective assistance of counsel claim but noting that the claim could be raised on a § 2255 motion). Accordingly, Smith has not waived his right to claim that he received ineffective assistance of counsel in connection with the advice he received on waiver of his right to a trial by jury and the joint stipulation of facts.

### 4. *Alleged Failure to Adequately Brief Implied Coercion on Appeal*

Smith claims that his counsel failed on appeal to adequately brief the issue of implied coercion.  Smith's counsel filed a brief with the Fifth Circuit on July 18, 2016, arguing that the district court erred in denying the Motion to Suppress. Specifically, counsel argued that consent was obtained through implied coercion,[53] relying on *United States v. Zavala*[54] for the proposition that Sergeant Green's comment--that the planned use of the drug sniffing dog irrespective of Smith's consent--was implied coercion. The Fifth Circuit distinguished *Zavala*.[55]

Smith bases this claim of ineffective assistance of counsel on the fact that counsel did not provide the court of appeal with the following facts: "(1) the Petitioner was not given back his driver's license, (2) there was no citation issued before the furtherance of interrogation on other unrelated matters, (3) the vehicle was not impounded."[56] There is no basis for concluding that Smith would have achieved success had counsel specifically highlighted these facts, which were part of the record.  The Fifth Circuit noted that this Court found no evidence of police coercion and found that Smith was informed several times of his opportunity to refuse consent and the Fifth Circuit held that this Court's decision was a reasonable view of the evidence.  A review of the appellate brief submitted by Smith's counsel shows that it argues the appropriate points, supported by relevant case law.  While Smith is disappointed that the Fifth Circuit did not reverse his conviction based on the brief, but there is nothing in the record to indicate that his counsel provided ineffective assistance in the appellate briefing.

---

[53] *U.S. v. Smith*, 674 Fed. Appx. at 424.
[54] 459 Fed. Appx. 429 (5th Cir. 2012).
[55] *U.S. v. Smith*, 674 Fed. Appx. at 423.
[56] R. Doc. 63-1, p. 9.

### 5. *Alleged "Failure to Prove a Causal Connection"*

Smith also claims that his counsel "never forced the Government to prove a causal connection between the traffic stop and the illegal contraband."[57]  While his argument on this point is somewhat confusing, he does cite *United States v. Fike*,[58] in connection with this claim.

In *Fike,* the defendant was convicted of transporting a stolen automobile in interstate commerce.  The police conducted what the court assumed to be an illegal search of the defendant's vehicle in his absence and discovered bolt cutters and license plates in the trunk. The defendant was arrested, and voluntarily consented to a second search of the car. As a result of the second search, the police ascertained the car's vehicle identification number ("VIN"), which matched that of a car reported stolen three days earlier. The VIN was the evidence the defendant sought to suppress as fruit of the prior illegal search. The Fifth Circuit held that the evidence was admissible, concluding that voluntary consent "is an independent act sufficient to break any causal chain which may exist between the alleged primary illegality of the first search and the evidence seized as a result of the second search and introduced at trial."[59]

As Smith's case does not involve a scenario where later consent broke the causal chain after an initial illegal search, his counsel's performance cannot be deficient for failing to make an argument that has no relevance to the case.  To the extent Smith is arguing that counsel was deficient for failing to argue the evidence should have been suppressed because the traffic stop was illegal, that issue has already been addressed above.  Smith's reliance on *Fike* as support for his ineffective assistance of counsel claim is misplaced and this ground for ineffective assistance of counsel is without merit.

---

[57] R. Doc. 63, p. 4.
[58] 449 F.2d 191 (5th Cir. 1971).
[59] *Fike*, 449 F.2d at 193.

### III.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255, "unless a circuit justice or judge issues a certificate of appealability."[60]  Although Smith has not yet filed a notice of appeal, the Court may address whether he would be entitled to a certificate of appealability.[61]  A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.[62]  In cases where the Court has rejected the petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[63]  Reasonable jurists could not debate the denial of Smith's § 2255 application based on ineffective assistance of counsel, nor find that the issues presented are adequate to deserve encouragement to proceed.[64]  Accordingly, it is appropriate that, if the recommendation to deny Smith's Motion to Vacate is adopted, and in the event Smith seeks to pursue an appeal, a certificate of appealability should be denied.

### IV.    RECOMMENDATION

As Smith has failed to establish that his counsel's performance was deficient, or that, in the absence of any alleged deficiencies, the outcome of his proceedings would have been different, **IT IS RECOMMENDED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody[65] be **DENIED with prejudice**.

---

[60] 28 U.S.C. § 2253(c)(1)(B).
[61] *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).
[62] 28 U.S.C. § 2253(c)(2).
[63] *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).
[64] *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003), *citing Slack*, 529 U.S. at 484.
[65] R. Doc. 63.

If sought, **IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 24, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**